UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
NANCY FARRELL,

                                                     Plaintiff,

    -against-

THE CITY OF NEW YORK; ANTHONY MANISCALCO, as
Department Surgeon, Medical Division; SAILA DE TORE, as
Department Surgeon, Medical Division; JAMES SULLIVAN, as
Department Surgeon, Medical Division; KIMBERLY L. MOTTO,
as Lieutenant, Candidate Assessment Division; GREGORY
MACKIE, as Commanding Officer, Transit District No.: 33, and
JULIO MEYRELES, as Lieutenant, Transit District No.: 33, JOSUE
CARVAJAL, as Sergeant, Office of Equity and Inclusion, and
CHRISTOPHER P. BORIA, as Sergeant, Office of Equity and
Inclusion, each sued in their official and individual capacities as
employees of the CITY OF NEW YORK

                                                     Defendants'
-------------------------------------------------------------------------x

COMPLAINT

JURY TRIAL

Plaintiff NANCY FARRELL, through THE SANDERS FIRM, P.C., files this federal complaint against Defendants THE CITY OF NEW YORK, ANTHONY MANISCALCO, SAILA DE TORE, JAMES SULLIVAN, KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA respectfully alleges that:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked under 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343, and 2202 to secure protection of and to redress deprivation of rights secured by:

    a.    Americans with Disabilities Act of 1990;

    b.    Civil Rights Act of 1871, 42 U.S.C. § 1983;

  c. New York State Executive Law § 296; and

  d. New York City Administrative Code § 8-107.

2. The unlawful employment practices and violations of Plaintiff NANCY FARRELL'S civil rights complained of herein were committed within the Southern and Eastern Districts of New York.

## PROCEDURAL REQUIREMENTS

3. Plaintiff NANCY FARRELL has filed suit with this Court within the applicable statute of limitations period.

4. Plaintiff NANCY FARRELL alleges that on or about December 8, 2023, she filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission [EEOC], Charge No.: 520-2024-01623.

5. Plaintiff NANCY FARRELL alleges that on or about March 19, 2024, she received a Notice of Right to Sue from the United States Department of Justice.

6. Plaintiff NANCY FARRELL is not required to exhaust any administrative procedures before suit under the Civil Rights Act of 1871, New York State Executive Law § 296, or New York City Administrative Code § 8-107.

## BACKGROUND

7. Plaintiff NANCY FARRELL, while assigned to Transit District No. 33, on or about April 22, 2023, sustained line of duty injuries while arresting a perpetrator.

8. Plaintiff NANCY FARRELL alleges that while placing a perpetrator under arrest, he punched her in the face, head, and arms.

9. Plaintiff NANCY FARRELL alleges that during the struggle, she fell on top of the perpetrator while slamming both knees onto the concrete subway platform.

10. Plaintiff NANCY FARRELL alleges that after placing the perpetrator under arrest with the assistance of Police Officer Francisca I. Ocampo and two [2] civilian witnesses, she was transported to Long Island Jewish Hospital via FDNY EMS.

11. Plaintiff NANCY FARRELL alleges that while inside Long Island Jewish Hospital, she received general medical treatment, including X-rays of both knees and a CT scan of her skull.

12. Plaintiff NANCY FARRELL alleges that the X-rays were inconclusive because joints, cartilage, and ligament damage do not appear in X-ray imaging as the hospital personnel indicated. As part of her discharge, she was told to seek further medical treatment for her knees.

13. Plaintiff NANCY FARRELL alleges that Patrol Supervisor Roger Clement filled out the line of duty documents as required by department policy and recommended approval shortly thereafter. Shortly thereafter, Deputy Inspector Peter D. Hatzoglou adopted the recommendation.[1]

14. Plaintiff NANCY FARRELL alleges that on or about April 23, 2023, she visited the weekend department surgeon at the Special Medical District – Jamaica, N.Y.

15. Plaintiff NANCY FARRELL alleges that the Special Medical District is part of the Medical Division and is managed by Supervising Chief Surgeon Eli J. Kleiman, including the personnel.

---

[1] As an employee, the plaintiff has no control over the accuracy or completeness of the line-of-duty documents, including the witness statements.

16. Plaintiff NANCY FARRELL alleges that the weekend surgeon [Female, Caucasian] scheduled an appointment to see Defendant ANTHONY MANISCALCO, District 11, the following day.

17. Plaintiff NANCY FARRELL alleges that on or about April 24, 2023, she met with Defendant ANTHONY MANISCALCO; however, she didn't receive authorization to treat with an Orthopedic Surgeon until May 1, 2023.

18. Plaintiff NANCY FARRELL alleges that shortly thereafter, she received authorization for further medical evaluation via department email.

19. Plaintiff NANCY FARRELL alleges that on or about May 3, 2023, she consulted with Orthopedic Surgeon Dr. Eric Keefer.

20. Plaintiff NANCY FARRELL alleges that Orthopedic Surgeon Dr. Eric Keefer referred her to have MRI imaging for both knees.

21. Plaintiff NANCY FARRELL alleges that on or about May 11, 2023, she had MRI imaging for both knees.

22. Plaintiff NANCY FARRELL alleges that she had to return to the department surgeon because she needed authorization for her left shoulder, and the original line of duty reports did not specifically detail that particular injury.[2]

23. Plaintiff NANCY FARRELL alleges that she received further authorization for MRI imaging of the left shoulder.

24. Plaintiff NANCY FARRELL alleges that on or about May 23, 2023, she had an MRI imaging performed for her.

---

[2] As an employee, the plaintiff has no control over the accuracy or completeness of the line-of-duty documents, including the witness statements

4

25. Plaintiff NANCY FARRELL alleges that she purchased a walker in or around June 2023 because her medical condition has further deteriorated. She alleges that ambulating without the walker jeopardizes her safety.

26. Plaintiff NANCY FARRELL alleges that on or about July 5, 2023, she consulted with Orthopedic Surgeon Dr. Eric Keefer, and he treated her with two [2] cortisone injections in her left arm and left knee. Orthopedic Surgeon Dr. Eric Keefer recommended no full-duty work.

27. Plaintiff NANCY FARRELL alleges that on or about July 21, 2023, she returned to the Medical Division and met with Defendant ANTHONY MANISCALCO. After meeting with him, he felt that despite her medical condition in contravention of her treating professional Orthopedic Surgeon Dr. Eric Keefer, he returned her to work in a limited capacity. However, it was clear that she needed a reasonable accommodation due to her deteriorating medical condition.

28. Plaintiff NANCY FARRELL alleges that on or about July 24, 2023, she returned to Transit District No.: 33 in a limited capacity.

29. Plaintiff NANCY FARRELL alleges that on or about July 30, 2023, she self-admitted to the South Shore University Hospital because both knees were severely swollen, double their size.

30. Plaintiff NANCY FARRELL alleges that after receiving medical treatment, she then reported sick.

31. Plaintiff NANCY FARRELL alleges that she is scheduled to consult with Orthopedic Surgeon Dr. Eric Keefer on August 16, 2023, to re-evaluate her medical condition.

32. Plaintiff NANCY FARRELL alleges that on or about August 10, 2023, she consulted with Defendant SAILA DE TORE. Despite her medical condition, in contravention of

her treating professional Orthopedic Surgeon, Dr. Eric Keefer, she returned to work in a limited capacity. However, it was clear that she needed a reasonable accommodation due to her deteriorating medical condition.

33. Plaintiff NANCY FARRELL alleges that upon her return to work, after ingesting medicine prescribed by Orthopedic Surgeon Dr. Eric Keefer, she felt unwell.

34. Plaintiff NANCY FARRELL alleges that she consulted with Defendant JAMES SULLIVAN on or about August 15, 2023.

35. Plaintiff NANCY FARRELL alleges that Defendant JAMES SULLIVAN was very rude.

36. Plaintiff NANCY FARRELL alleges that she explained to Defendant JAMES SULLIVAN that the medication prescribed to her by Orthopedic Surgeon Dr. Eric Keefer to mitigate the knee swelling made her feel unwell.

37. Plaintiff NANCY FARRELL alleges that Defendant JAMES SULLIVAN told her to stop taking the medication in contravention of her treating professional Orthopedic Surgeon, Dr. Eric Keefer.

38. Plaintiff NANCY FARRELL alleges that she then explained to Defendant JAMES SULLIVAN that the department had scheduled her to qualify at the firearms range. Still, she was in no physical or mental condition to qualify.

39. Plaintiff NANCY FARRELL alleges that Defendant JAMES SULLIVAN became annoyed and prepared the firearm removal form, but, again, he returned her to work in a limited capacity. However, it was clear that she needed a reasonable accommodation due to her deteriorating medical condition.

40. Plaintiff NANCY FARRELL alleges that on or about August 29, 2023, she consulted with Defendant ANTHONY MANISCALCO and requested authorization for a second opinion to see another Orthopedic Surgeon, Dr. Stuart Cherney; it was granted.

41. Plaintiff NANCY FARRELL alleges that on or about September 11, 2023, she consulted with Orthopedic Surgeon Dr. Stuart Cherney. After consultation, he recommended she be 100% disabled until further notice.

42. Plaintiff NANCY FARRELL alleges that on or about September 12, 2023, she consulted with Defendant ANTHONY MANISCALCO despite her medical conditions, including arthritis, and a recommendation that she be 100% disabled. In contravention of her Orthopedic Surgeon, Dr. Stuart Cherney, she was returned to work in a limited capacity. However, it was clear that she needed a reasonable accommodation due to her deteriorating medical condition.

43. Plaintiff NANCY FARRELL alleges that on or about September 25, 2023, she was transferred from Transit District No. 33 to the Candidate Assessment Division – New York.

44. Plaintiff NANCY FARRELL alleges that on or about October 3, 2023, she consulted with Defendant SAILA DE TORE. Defendant SAILA DE TORE told her that she didn't care about the recommendation of Orthopedic Surgeon Dr. Stuart Cherney that she's 100% disabled and this isn't a three-quarter [3/4] injury.

45. Plaintiff NANCY FARRELL alleges that Defendant SAILA DE TORE told her, from this point on, that she needed a medical treatment plan [covered by her personal medical insurance instead of the department] from her orthopedic surgeon and that she couldn't justify keeping her restricted duty without surgery.

46. Plaintiff NANCY FARRELL alleges that on or about October 9, 2023, she consulted with Orthopedic Surgeon Dr. Stuart Cherney, and he prescribed her medication for pain management along with another cortisone injection.

47. Plaintiff NANCY FARRELL alleges that on or about October 10, 2023, she consulted with Defendant ANTHONY MANISCALCO, and in contravention with Orthopedic Surgeon Dr. Stuart Cherney, she was returned to work in a limited capacity. However, it was clear that she needed a reasonable accommodation due to her deteriorating medical condition.

48. Plaintiff NANCY FARRELL alleges that finally, after a period of frustration, she expressed concern to Defendant ANTHONY MANISCALCO that, in her medical condition, it would be unsafe to travel [public transportation and driving] and if the department can accommodate her with a different assignment.

49. Plaintiff NANCY FARRELL alleges that Defendant ANTHONY MANISCALCO never responded, nor did he contract the Office of Equity and Inclusion as department policy requires.

50. Plaintiff NANCY FARRELL alleges that on or about November 7, 2023, she filed a request for a reasonable accommodation with Defendant KIMBERLY L. MOTTO. Although not medically qualified to assess, Defendant KIMBERLY L. MOTTO recommended disapproval.

51. Plaintiff NANCY FARRELL alleges that on or about November 10, 2023, she was transferred from the Candidate Assessment Division to Transit District No. 33 and assigned to the third platoon by Defendants GREGORY MACKIE and JULIO MEYRELES.

52. Plaintiff NANCY FARRELL alleges that the transfer and assignment to the third platoon by Defendants GREGORY MACKIE and JULIO MEYRELES are in retaliation for

8

seeking a reasonable accommodation, as the assignment interfered with her ability to travel to work safely and her medical appointments. Previously, when assigned to Transit District No. 33, the police management accommodated her with an assignment to the first platoon, where it was safer to travel and she could make her medical appointments.

53. Plaintiff NANCY FARRELL alleges that on or about November 13, 2023, she consulted with Defendant SAILA DE TORE. Defendant SAILA DE TORE told her, "We cannot accommodate any work from home. We can only accommodate a closer command or one without stairs."

54. Plaintiff NANCY FARRELL alleges that she was perplexed, as the medical professional's role is to assess member medical limitations, not determine personnel assignments. Defendant SAILA DE TORE told her she needed to fill out new forms.

55. Plaintiff NANCY FARRELL alleges that additionally, Defendant SAILA DE TORE told her that she needed further medical assessments of both knees from a rheumatologist and neurologist [using her personal medical insurance instead of the department] because the deterioration is not in the line of duty.[3]

56. Plaintiff NANCY FARRELL alleges that all her referral and treating physicians disagree with Defendant SAILA DE TORE, as the deterioration is consistent with the line-of-duty injuries.

57. Plaintiff NANCY FARRELL alleges that Defendant JOSUE CARVAJAL, Office of Equity and Inclusion, called and tried to get her to withdraw the request for a reasonable accommodation shortly thereafter. She refused.

---

[3] As an employee, the plaintiff has no control over the accuracy or completeness of the line-of-duty documents, including the witness statements

9

58. Plaintiff NANCY FARRELL alleges that her medical providers refuse to treat her further because the injuries were sustained in the line of duty; therefore, the medical providers refuse to bill the personal medical insurance carrier.

59. Plaintiff NANCY FARRELL alleges that on or about December 5, 2023, she filed a complaint alleging disability discrimination. However, Defendant CHRISTOPHER BORIA told her that we do not take complaints about medical opinions. The complaint was about the denial of equal access to benefits.

60. Plaintiff NANCY FARRELL alleges that from April 22, 2023, to present, Defendants THE CITY OF NEW YORK, ANTHONY MANISCALCO, SAILA DE TORE, JAMES SULLIVAN, KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA improperly made return to work determinations, refused to investigate her claims for denial of equal access to benefits, denied her reasonable accommodations and the equal access to benefits as similarly situated disabled officers injured in the line of duty.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### DISABILITY DISCRIMINATION – DENIAL OF EQUAL ACCESS TO BENEFITS IN VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990

61. Plaintiff NANCY FARRELL re-alleges Paragraphs 1 through 60 and incorporates them by reference as Paragraphs 1 through 60 of Count I of this Complaint.

62. Plaintiff NANCY FARRELL alleges that Defendant THE CITY OF NEW YORK, through its agents, engaged in a pattern and practice of disability discrimination against her concerning improper return to work determinations, refused to investigate her claims for denial of equal access to benefits, denied her reasonable accommodations and the equal access to

benefits as similarly situated disabled officers injured in the line of duty and other terms, conditions, and privileges of employment.

63.  Plaintiff NANCY FARRELL alleges that Defendant THE CITY OF NEW YORK knew or should have known about denying equal access to benefits in the workplace because of its prior history of discriminatory conduct.

64.  Plaintiff NANCY FARRELL alleges that the discriminatory acts of Defendant THE CITY OF NEW YORK through its agents caused her to experience high legal costs, emotional distress, denial of medical treatment, denial of reasonable accommodations, financial hardship, and loss of pension rights.

## COUNT II
## RETALIATION
## IN VIOLATION OF
## AMERICANS WITH DISABILITIES ACT OF 1990

65.  Plaintiff NANCY FARRELL re-alleges Paragraphs 1 through 64 and incorporates them by reference as Paragraphs 1 through 64 of Count II of this Complaint.

66.  Plaintiff NANCY FARRELL alleges that Defendant THE CITY OF NEW YORK, through its agents, refused to investigate her claims of the denial of equal access to benefits, denial of a reasonable accommodation, multiple unnecessary transfers, and intentional assignments designed to interfere with her medical treatment because she challenged the denial of equal access to benefits as similarly situated officers injured in the line of duty and other terms, conditions, and privileges of employment.

67.  Plaintiff NANCY FARRELL alleges that the illegal acts of Defendant THE CITY OF NEW YORK through its agents, under the color of law, caused her to experience high legal

costs, emotional distress, denial of medical treatment, denial of reasonable accommodations, financial hardship, and loss of pension rights.

## COUNT III
## DISABILITY DISCRIMINATION – DENIAL OF EQUAL ACCESS TO BENEFITS IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871

68.  Plaintiff NANCY FARRELL re-alleges Paragraphs 1 through 67 and incorporates them by reference as Paragraphs 1 through 67 of Count III of this Complaint.

69.  Plaintiff NANCY FARRELL alleges that Defendants ANTHONY MANISCALCO, SAILA DE TORE, JAMES SULLIVAN, KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA engaged in a pattern and practice of disability discrimination against her concerning improper return to work determinations, refused to investigate her claims for denial of equal access to benefits, denied her reasonable accommodations and the equal access to benefits as similarly situated disabled officers injured in the line of duty and other terms, conditions, and privileges of employment.

70.  Plaintiff NANCY FARRELL alleges that Defendant THE CITY OF NEW YORK knew or should have known about denying equal access to benefits in the workplace because of its prior history of discriminatory conduct.

71.  Plaintiff NANCY FARRELL alleges that the discriminatory acts of Defendants ANTHONY MANISCALCO, SAILA DE TORE, JAMES SULLIVAN, KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA caused her to experience high legal costs, emotional distress, denial of medical treatment, denial of reasonable accommodations, financial hardship, and loss of pension rights.

## COUNT IV
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871

72. Plaintiff NANCY FARRELL re-alleges Paragraphs 1 through 71 and incorporates them by reference as Paragraphs 1 through 71 of Count IV of this Complaint.

73. Plaintiff NANCY FARRELL alleges that Defendants KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA refused to investigate her claims of the denial of equal access to benefits, denial of a reasonable accommodation, multiple unnecessary transfers, and intentional assignments designed to interfere with her medical treatment because she challenged the denial of equal access to benefits as similarly situated officers injured in the line of duty and other terms, conditions, and privileges of employment.

74. Plaintiff NANCY FARRELL alleges that the illegal acts of Defendants KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA under the color of law caused her to experience high legal costs, emotional distress, denial of medical treatment, denial of reasonable accommodations, financial hardship, and loss of pension rights.

## COUNT V
## DISABILITY DISCRIMINATION – DENIAL OF EQUAL ACCESS TO BENEFITS
## IN VIOLATION OF
## NEW YORK EXECUTIVE LAW § 296

75. Plaintiff NANCY FARRELL re-alleges Paragraphs 1 through 74 and incorporates them by reference as Paragraphs 1 through 74 of Count V of this Complaint.

76. Plaintiff NANCY FARRELL alleges that Defendants THE CITY OF NEW YORK, ANTHONY MANISCALCO, SAILA DE TORE, JAMES SULLIVAN, KIMBERLY L.

MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA engaged in a pattern and practice of disability discrimination against her concerning improper return to work determinations, refused to investigate her claims for denial of equal access to benefits, denied her reasonable accommodations and the equal access to benefits as similarly situated disabled officers injured in the line of duty and other terms, conditions, and privileges of employment.

77. Plaintiff NANCY FARRELL alleges that Defendant THE CITY OF NEW YORK knew or should have known about denying equal access to benefits in the workplace because of its prior history of discriminatory conduct.

78. Plaintiff NANCY FARRELL alleges that the discriminatory acts of Defendants THE CITY OF NEW YORK, ANTHONY MANISCALCO, SAILA DE TORE, JAMES SULLIVAN, KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA caused her to experience high legal costs, emotional distress, denial of medical treatment, denial of reasonable accommodations, financial hardship, and loss of pension rights.

<b>COUNT VI<br>RETALIATION<br>IN VIOLATION OF<br>NEW YORK EXECUTIVE LAW § 296</b>

79. Plaintiff NANCY FARRELL re-alleges Paragraphs 1 through 78 and incorporates them by reference as Paragraphs 1 through 78 of Count VI of this Complaint.

80. Plaintiff NANCY FARRELL alleges that Defendants THE CITY OF NEW YORK, KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA refused to investigate her claims of the denial of equal access to benefits, denial of a reasonable accommodation, multiple unnecessary transfers,

and intentional assignments designed to interfere with her medical treatment because she challenged the denial of equal access to benefits as similarly situated officers injured in the line of duty and other terms, conditions, and privileges of employment.

81. Plaintiff NANCY FARRELL alleges that the illegal acts of Defendants THE CITY OF NEW YORK, KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA under the color of law caused her to experience high legal costs, emotional distress, denial of medical treatment, denial of reasonable accommodations, financial hardship, and loss of pension rights.

## COUNT VII
## DISABILITY DISCRIMINATION – DENIAL OF EQUAL ACCESS TO BENEFITS IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

82. Plaintiff NANCY FARRELL re-alleges Paragraphs 1 through 81 and incorporates them by reference as Paragraphs 1 through 81 of Count VII of this Complaint.

83. Plaintiff NANCY FARRELL alleges that Defendants THE CITY OF NEW YORK, ANTHONY MANISCALCO, SAILA DE TORE, JAMES SULLIVAN, KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA engaged in a pattern and practice of disability discrimination against her concerning improper return to work determinations, refused to investigate her claims for denial of equal access to benefits, denied her reasonable accommodations and the equal access to benefits as similarly situated disabled officers injured in the line of duty and other terms, conditions, and privileges of employment.

84. Plaintiff NANCY FARRELL alleges that Defendant THE CITY OF NEW YORK knew or should have known about denying equal access to benefits in the workplace because of

its prior history of discriminatory conduct.

85. Plaintiff NANCY FARRELL alleges that the discriminatory acts of Defendants THE CITY OF NEW YORK, ANTHONY MANISCALCO, SAILA DE TORE, JAMES SULLIVAN, KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA caused her to experience high legal costs, emotional distress, denial of medical treatment, denial of reasonable accommodations, financial hardship, and loss of pension rights.

## COUNT VIII
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

86. Plaintiff NANCY FARRELL re-alleges Paragraphs 1 through 85 and incorporates them by reference as Paragraphs 1 through 85 of Count VIII of this Complaint.

87. Plaintiff NANCY FARRELL alleges that Defendants THE CITY OF NEW YORK, KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA refused to investigate her claims of the denial of equal access to benefits, denial of a reasonable accommodation, multiple unnecessary transfers, and intentional assignments designed to interfere with her medical treatment because she challenged the denial of equal access to benefits as similarly situated officers injured in the line of duty and other terms, conditions, and privileges of employment.

88. Plaintiff NANCY FARRELL alleges that the illegal acts of Defendants THE CITY OF NEW YORK, KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA under the color of law caused her to

experience high legal costs, emotional distress, denial of medical treatment, denial of reasonable accommodations, financial hardship, and loss of pension rights.

## JURY TRIAL

89. Plaintiff NANCY FARRELL demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff NANCY FARRELL demands compensatory and punitive damages from Defendants THE CITY OF NEW YORK, ANTHONY MANISCALCO, SAILA DE TORE, JAMES SULLIVAN, KIMBERLY L. MOTTO, GREGORY MACKIE, JULIO MEYRELES, JOSUE CARVAJAL, and CHRISTOPHER P. BORIA including other available statutory remedies, both legal and equitable, interests and costs.

Dated: June 18, 2024
    New York, N.Y.

Respectfully submitted,

By: _/s/ Eric Sanders, Esq._
Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com